STATE OF LOUISIANA, PARISH OF ST. JOHN THE BAPTIST

40TH JUDICIAL DISTRICT COURT

CITI PROPERTIES

VS.                              NO. # C-54549 DIV. ( B )

JAMIE LABRANCHE                              BY: _____
                                        DEPUTY CLERK

_____

## ORDER

IT IS ORDERED THAT DEFENDANT JAMIE LABRANCHE UNOPPOSED SUMMARY JUDGMENT IS GRANTED.

IT IS FURTHER ORDERED SUMMARY JUDMENT HEARING SET FOR June 4  DAY OF 2013.

EDGARD, LOUISIANA THIS _____ OF _____ 2013.

_____
JUDGE 40TH JD

PLEASE MAIL A COPY TO:

JOHN C. MORRIS,IV
1505 NORTH 19TH STREET
MONROE,, LA. 71201

EXHIBIT
COPY
*I HAVE ORIGINAL RAISED SEAL UPON
REQUEST

8



UNITED STATES POSTAGE
PITNEY BOWES
$ 01.72⁰
02 1A
000431784⁰
MAY 23 2013
000431784⁰
MAILED FROM ZIP CODE 70049

JAMIE LABRANCHE
2173 CARMEL VALLEY
LAPLACE, LA  70068

ELIANA DeFRANCESCH
CLERK OF COURT
40TH JUDICIAL DISTRICT COURT
P.O. BOX 280
EDGARD, LA  70049

DEFENDANT EXHIBIT SUMMARY JUDGMENT AND GRANTED ORDER

9

40TH JUDICIAL DISTRICT COURT
PARISH OF ST. JOHN THE BAPTIST
STATE OF LOUISIANA

CITI
VS.                                    NO. # C-54549 DIV. ( B )
JAMIE LABRANCHE

---

### MOTION TO RESET SUMMARY JUDGMENT HEARING

NOW INTO COURT JAMIE LABRANCHE REQUESTING
COURT TO RESET SUMMARY JUDGMENT HEARING;

PLAINTIFF ATTORNEY ( JOHN C. MORRIS, IV ) PUT OFF THIS
HEARING FOR OVER A YEAR WITH THREE SEPARATE MOTIONS
TO CONTINUE, FAILED TO SHOW UP AT TWO PRIVIOUS
HEARINGS ONE OF WHICH I HAD A SUBPOENA WITNESS IN
COURT. JOHN C. MORRIS PLAINTIFF HAS YET FILE AN
OPPOSITION TO SUMMARY JUDGMENT. FAILED TO ANSWER
COUNTLESS EMAILS AND PHONE CALLS, NEVER RETURN ONE
CALL OR EMAIL, FAILED TO SEND REQUESTED FOR
PRODUCTION ITEMS THAT I REQUESTED OVER SIX MONTHS
AGO.

PLAINTIFF FILED AN *** EXPARTE MOTION AN ORDER TO
SUBSTITUTE PARTY PLAINTIFF*** ON 5-3-2013 WHICH I FIRMLY
OPPOSE IN THIS CASE OF FRAUD NOTES UPON THIS COURT. ON A
NORMAL DAY IT WILL BE ALRIGHT. HOW IS IT YOU CAN
TRANFER A COUNTERFEIT ( NOTES ) PROVEN BY THE ONLY
EXPERT ON RECORD TO DATE IN SUMMARY JUDGMENT
ATTACHED TO PLEADING. SEE CASE RECORD, THE MORTGAGE IS
INVALID FROM BIRTH OF CLOSING TO PRESENT RIDDLED WITH
FRAUD BEEN THROUGH SEVERAL ATTORNEYS AND SERVICE
COMPANIES IN THE PASS SEVEN YEARS.

WE PRAY THE COURT SET THIS SUMMARY JUDGMENT HEARING
AT COURTS CONVENIENCE, ORDER PLAINTIFF JOHN C. MORRIS
IV TO COMPLY WITH REQUESTED EVIDENCE I REQUESTED OVER
SIX MONTHS AGO.

JAMIE LABRANCHE
2173 CARMEL VALLEY
LAPLACE, LA. 70068
JAMIELABRANCHE@ME.COM
504-559-9586 CELL

10

40TH JUDICIAL DISTRICT COURT
PARISH OF ST. JOHN THE BAPTIST
STATE OF LOUISIANA

Filed: Apr 13, 2012  2:20 PM

25630863

CITI
VS.                          NO.# C-54549 DIV. ( B )
JAMIE LABRANCHE

_____

MOTION FOR PARTIAL SUMMARY JUDGMENT


NOW INTO COURT JAMIE LABRANCHE SUBMITS MOTION
FOR PARTIAL SUMMARY JUDGMENT.DEFENDANT JAMIE
LABRANCHE MOVES THE COURT TO GRANT PARTIAL SUMMARY
JUDGMENT ACCORDING TO LAW PRESENTED HEREIN, THE
PLAINTIFF IS WITHOUT STANDING TO PURSUE CASE C-54549 AND
ITS EVIDENCE IS INSUFFICIENT TO MEET ITS BURDEN AT TRIAL,
BOTH IN EXECUTORY PROCESS AND ORDINARY PROCESS
ACCORDING TO LAW LISTED HEREIN.

1) CCP-1425  9-629 LOUISIANA SUBPART 3 JUDICIAL
PROCEEDINGS AUTHENTIC EVIDENCE 9-629
THIS LAW IS FOR PURPOSES OF EXECUTORY OR ORDINARY
PROCESS SEEKING ENFORCEMENT OF A SECURITY INTEREST
AND THE OBLIGATION IT SECURES, ( COPY ATTACHED TO
PLEADING)
THE LAW CLEARLY STATES MORTGAGE NOTES ARE PRESUMED
TO BE GENUINE, IN THIS CASE THE NOTE IS COUNTERFEIT
ACCORDING TO EXPERT WITNESS CURTIS BAGGERT OPINION
AFTERDAVIT FILED MARCH 20, 2012 NOTE OF EVIDENCE. IT WAS
RECEIVED BY PLAINTIFF CERTIFIED MAIL ON MARCH 22,2012
WITHOUT OPPOSITION TO DATE. ( ATTACHED TO PLEADING
EXPERT OPINION AND SIGNED CERTIFY MAIL)

FURTHER MORE THE AFTERDAVIT REQUIRED UNDER THIS LAW
WRITTEN BY JOHN C. MORRIS PLAINTIFF AND NOTARY RICHARD
D. WHITNEY SIGNED STAMP AND SEALED CONFIRMING
INFORMATION ON FEB.10,2012.*** ACCORDING TO LOUISIANA
SECRETARY OF STATE OFFICE, ITS NOT WORTH THE PAPER
PRINTED ON, BECAUSE IT HAS AN SUSPENDED COMMISSION
NUMBER # 82985 WRITTEN ON AFTERDAVIT.( ATTACHED TO
PLEADING) NOTE*** THE SAME NOTARY RICHARD D. WHITNEY
THAT AVOIDED TWO SUBPOENAS TO APPEAR IN COURT.

2) PART 226.23 TRUTH IN LENDING REG. Z, RIGHT OF RESCISSION
EVEN ON A PERFECT DAY WHEN PLAINTIFF HAS
EVERYTHING HE NEEDS FOR STANDING TO PROCEED. HE STILL
WILL HAVE TO OVERCOME THE FACT THAT THIS LOAN WAS
RESCINDED ON AUGUST 3, 2008 BY CERTIFIED RETURN RECEIPT.
SECTION (D) WHEN A CONSUMER RESCINDS A TRANSACTION,
THE SECURITY INTEREST GIVING RISE TO THE RIGHT OF

EXHIBIT (A)

RESCISSION BECOMES ( VOID ) AND THE CONSUMER SHALL NOT
BE LIABLE FOR ANY AMOUNT, INCLUDING ANY FINANCE
CHARGE. ( CITI FAILED TO COMPLY )
(2) OF LAW STATES WITHIN 20 CALENDER DAYS AFTER RECEIPT
OF NOTICE OF RECISSION, THE ( CREDITOR ) SHALL RETURN
ANY MONEY OR PROPERTY THAT HAS BEEN GIVEN TO ANYONE
IN CONNECTION WITH TRANSACTION AND SHALL TAKE ANY
ACTION NECESSARY TO REFLECT THE TERMINATION OF THE
SECURITY INTEREST ( CITI FAILED TO COMPLY)
( RESCINDED LOAN AND LAW ATTACHED)

THE LAW ITSELF MOVES THE COURT TO GRANT PARTIAL
SUMMARY JUDGMENT IN FAVOR OF DEFENDANT JAMIE
LABRANCHE. THE ONLY THING THAT REMAINS IS MONOTARY
DAMAGES TO THE DEFENDANT FOR THE COURT TO DETERMINE
1) 15U.S.C. 1601, FAILURE TO HONOR AN RESCINDED LOAN. LAW
STATES TWICE THE FACE VALUE OF INTEREST IN LOAN.
2) CREDIT DAMAGE COMMENCING ON AUGUST 3, 2008 DAY OF
RESCINDED LOAN.
3) MENTAL PAIN AND SUFFERING, DUE TO CONSTANT
HARASSMENT OF FIGHTING SUCH A WAR.
4) COURT COST, REASONABLE PROSE LABOR FEES.

WE PRAY THE COURT USING THE LAWS ITSELF GRANT PARTIAL
SUMMARY JUDGMENT TO DEFENDANT JAMIE LABRANCHE
DISMISSING CASE WITH PREJUDICE.

PLEASE SET FOR HEARING

JAMIE LABRANCHE
2173 CARMEL VALLEY DR.
LAPLACE, LA. 70068
JAMIELABRANCHE@ME.COM
504-559-9586

CERTIFICATE OF SERVICE
I HEREBY CERTIFY ON 4-13-2012, I CAUSED THIS MOTION FOR
PARTIAL SUMMARY JUDGMENT MAILED TO JOHN MORRIS 1505
NORTH 19TH STREET, MONROE, LA. 71201

12

3/17/2012

Case 2:13-cv-05158-LMA Document 1-2 Filed 07/25/13 Page 6 of 27 Page 1 of 1

Filed: Apr 3, 2012 2:20 PM

125630855

## SUBPART 3. JUDICIAL PROCEEDINGS

**§9-629. Judicial proceedings; authentic evidence**

(a) Foreclosure. For purposes of executory or ordinary process seeking enforcement of a security interest and the obligation it secures:

(1) An authenticated record that contains a confession of judgment shall be deemed to be authentic for purposes of executory process.

(2) The negotiation, assignment, pledge, or other transfer in whole or in part of an obligation or of any right therein or thereto secured by a security interest may be proven by any record authenticated by the secured party or any person entitled to effect such a transfer, and such record shall be deemed authentic for purposes of executory process.

(3) The signatures of all debtors, makers, purchasers, payees, sellers, secondary obligors, or any other persons whose signatures purport to appear upon or be affixed to a written security agreement, instrument, negotiable document, chattel paper, general intangible, or other writing evidencing a security interest, or an obligation secured by a security interest, and the signatures of all secondary obligors, endorsers, assignors, pledgors or others whose signatures purport to appear upon or be affixed to any writing transferring rights in or to such a written security agreement, instrument, negotiable document, chattel paper, general intangible, or other security interest or obligation, are presumed to be genuine if the verified petition, or an affidavit attached thereto, for executory or ordinary process with which they are filed or in which they are identified, alleges or affirms that they are genuine to the best of the information, knowledge, or the belief of the plaintiff or affiant and no further evidence shall be required of such signatures for the purposes of executory or ordinary process.

(4) The authority and capacity of persons who purport to sign any written document or instrument described in subsections (a)(1) and (a)(2), in a representative capacity, shall be presumed if such persons' signatures are presumed genuine in accordance with the provisions of subsection (a)(3), or are proven in any other manner permitted by law and no further evidence of such authority or capacity is required for executory or ordinary process.

(5) The amount of any advances made, whether in written form or otherwise, or of other obligations secured by any security interest or agricultural lien, the terms of such obligations, insofar as they are relevant, the amount thereof due and unpaid, and the fact of the debtors' default may be proven by affidavit or verified petition.

(6) The affidavits or verified petitions referred to in subsections (a)(3), (a)(4), and (a)(5) may be based upon a plaintiff's or affiant's personal knowledge or upon information and belief based upon the records of the secured party, any assignee, or any other person that are kept or obtained in the ordinary course of business. The petition or affidavit need not particularize or specifically identify the records or data upon which such knowledge, information or belief is founded.

(b) Provisions not exclusive. The provisions of this section are cumulative and shall not preclude proof in any other manner permitted by law of any fact for purposes of executory, ordinary, or other process seeking enforcement of security interests and agricultural liens, and the obligations they secure.

Acts 2001, No. 128, §1, eff. July 1, 2001.

13

40TH JUDICIAL DISTRICT COURT
PARISH OF ST. JOHN THE BAPTIST
STATE OF LOUISIANA

Eliana Defranceseh - Clerk of Court
Filed: Mar 20, 2012  12:29 PM

125576934

CITI PROPERTY HOLDING INC.
VS.
JAMIE LABRANCHE

DOCKET # C- 54549 DIV. (B)

---

NOTE OF EVIDENCE

NOW INTO COURT, JAMIE LABRANCHE ENTERING EXPERT
WITNESS " CURTIS BAGGERT" TESTIMONY THROUGH WRITTEN
OPINION AFTERDAVIT, HE IS WILLING TO TESTIFY TO FACT IN A
COURT OF LAW AND WILL PROVE TO THE COURT THAT HIS
OPINION IS CORRECT, HIS CURRICULUM VITAE IS ATTACHED
AND INCORPORATED HEREIN BY REFERENCE.

DEFENDANT JAMIE LABRANCHE REITERATES THIS
COUNTERFEIT MORTGAGE NOTE IS NOTHING NEW TO THIS
CASE, JUST REVIEW MY PLEADINGS. I JUST HIRED A TOP EXPERT
IN FIELD TO WEIGH IN ON SAID MORTGAGE NOTE.

JAMIE LABRANCHE
2173 CARMEL VALLEY
LAPLACE, LA. 70068
504-559-9586
JAMIELABRANCHE@ME.COM

CERTIFICATE OF SERVICE

I HEREBY CERTIFY ON 3-20-2012, I CAUSED THIS NOTE OF
EVIDENCE, MAILED TO: JOHN MORRIS  1505 NORTH 19TH STREET
MONROE, LA. 71201 CERTIFIED RETURN RECEIPT.

14

# Curtis Baggett

Expert Document Examiner
908 Audelia Road, Suite 200-245, Richardson, Texas 75081
Phone: 972.644.0285 * Fax: 972.644.5233
curtbaggett@msn.com
www.ExpertDocumentExaminer.com

---

Questioned Document Examiner Letter
Subject: *Jamie P. Labranche*
Date: *March 16, 2012*

I have examined one (1) document with the known signature of Jamie P. Labranche.  For the purpose of this examination I have labeled this exhibit "K1".

Today I have compared the signature of Jamie P. Labranche on the "K" documents to the Jamie P. Labranche signature on the questioned document, identified herein as "Q1", to determine if the author of the Jamie P. Labranche signature on the "K" document was the same person who authored the name of Jamie P. Labranche on the questioned document:  the purported original document of K1, the signature page of a mortgage Note, recorded at the Parish of St. John the Baptist, LA.

Based upon thorough analysis of these items, and from an application of accepted forensic document examination, tools, principles and techniques, it is my professional expert opinion that a different person authored the name of Jamie P. Labranche on the questioned document and traced the handwriting.  Someone did indeed forge the signature of Jamie P. Labranche on the questioned document "Q1".  Furthermore, the author of the forged document misaligned the #06 over the word death, misaligned the 'g' in Fenger over the 'V' in Victoria, misaligned the 'WH' in Whitney, misaligned the imaginary horizontal baseline of the "Commission Expires at Death", produced heavy and shaky letters, made an '8' for the 's' in expires, and miscopied the small letter 'e' in Whitney, (made a capital 'E').  In addition, the notary seal is missing from the Q document.

I am willing to testify to this fact in a court of law and I will prove to the Court that my opinion is correct.  My Curriculum Vitae is attached and incorporated herein by reference.

Respectfully submitted,

Curt Baggett

State of Texas          §
                        §
County of Dallas        §

The above Letter of Opinion was sworn to and subscribed before me by Curt Baggett this 16th day of March, 2012.

WENDY S. CARLSON
Notary Public, State of Texas
My Commission Expires
March 06, 2013

Notary Public

15

# CURTIS BAGGETT

### Expert Document Examiner
908 Audelia Road, Suite 200-245, Richardson, TX 75081
Phone: 972.644.0285 - Fax: 972.644.5233
curtbaggett@msn.com
www.ExpertDocumentExaminer.com

Curtis Baggett is a document examiner and expert witness. He is also a skilled authority in handwriting identification and completed over 3,500 cases. Mr. Baggett has examined documents and/or testified in court cases as a handwriting expert in all 50 states, Washington, D.C., the Bahamas, Brazil, Canada, Chile, England, Ireland, Mexico, Pakistan, Puerto Rico, Thailand and New Zealand, Korea, China, Australia and Denmark.

He is a consultant as a forensic document examiner for the number one television show, "CSI: Crime Scene Investigation", and has appeared as a handwriting expert on WOLF-BLITZER-CNN; CHARLES GIBSON-ABC, INSIDE EDITION, CBS, CNBC, FOX, JUDGE ALEX, TEXAS JUSTICE and GOOD MORNING TEXAS. Mr. Baggett is the co-author of "The Handwriting Certification Home Study Course" and has been a guest on various other television and radio programs discussing handwriting and forensic document examination.

Mr. Baggett once held the position as Dean of the School of Forensic Document Examination at Handwriting University. In addition to lecturing and teaching document examination, Mr. Baggett has analyzed handwriting for over 30 years. He has been qualified as an expert witness in Justice of the Peace, Municipal, District, State, U.S. District, and Federal Bankruptcy Courts.

His education and training in document examination and psychology include: U.S. Army, Military Police Officer's School; B.A. and M.Ed., McNeese State University, Lake Charles, Louisiana; and post-graduate studies at the University of Houston, Houston, Texas.

Curt Baggett's library is extensive and includes literature on questioned document examination, forensic handwriting analysis, behavior profiling, and statement analysis.

Laboratory equipment used for examination consists of a Stereo Star Zoom American Optical 7x – 30x twin microscope; Micronta illuminated 30x microscope; stereo microscope S/ST series; universal DigiScoping adapter; numerous magnifying devices; protractor and metric measuring devices; Pentax ME camera; Pentax macro 1.4, 50mm flat copy lens; overhead projector; light table, and transparencies.

**Curt Baggett's Education and Training in Handwriting and Document Examination Include:**

An in-person, two-year apprenticeship with Dr. Ray Walker as a handwriting expert and questioned document examiner. Dr. Walker's qualifications have been affirmed in the Court of Appeals, Fifth District of Texas at Dallas, and had historical rulings in his favor. A leading authority in the field of handwriting analysis and document examination, Dr. Walker is the author of The Questioned Document Examiner and the Justice System.

16

Mr. Baggett is certified by the American Bureau of Document Examiners.   He also has a certificate of completion from the American Institute of Applied Science.

**Lectures, Conferences, and Classes Attended:**

2004 School of Forensic Document Examination's Annual Conference, Dallas, Texas
    Attended classes taught by Reed Hayes, QDE, Katherine Koppenhaver, QDE, Bill Koppenhaver, QDE

2004 School of Forensic Document Examination's Teleclass Curriculum
    Examination of Anonymous Writing by Reed Hayes, QDE
    Document Examination Terminology by Don Lehew, QDE
    Notary Public by Don Lehew, QDE
    Advanced Forgery Identification by Don Lehew, QDE
    Instructor

2005 School of Forensic Document Examination's Annual Conference, Dallas, Texas
    Attended the following lectures, in addition to general sessions:
    Tremors and line Quality taught by Reed Hayes, QDE
    Demonstrative Evidence taught by Katherine Koppenhaver, QDE, Bill Koppenhaver, QDE
    Photography through microscopes by David Babb, QDE
    Paper and Watermarks by John McGuire, QDE
    Lecturer

2005 School of Forensic Document Examination's Teleclasses
    Natural Variation taught by Reed Hayes, QDE
    The Discrimination of Handwriting by Don Lehew, QDE
    Procedures for Examining Signatures by Don Lehew, QDE
    Courtroom Procedures and Roles by Don Lehew, QDE
    Instructor

2006 School of Forensic Document Examination's Annual Conference, Dallas, Texas
    Attended the following lectures, in addition to general sessions:
    Deposition and Cross Examinations by Dr. Richard Frazier, QDE
    Medical Problems Affecting handwriting by Dr. Richard Frazier, QDE
    Legal Issues for Document Examiners by Dr. Richard Frazier, QDE
    Deposition and Cross Examinations by Dr. Richard Frazier, QDE
    Health Factors Affecting Handwriting by Dr. Joe Alexander, QDE
    Prescription Forgery and Medical Crimes by Diane King
    Lecturer

2007 Handwriting University Annual Conference, Dallas, Texas
    Trainer and Instructor

Rev 3/16/12

2007 School of Forensic Document Examination's Teleclasses
    Instructor - Handwriting Basics and Exemplars
    Instructor - Multiple Classes on Case Studies and Examinations

2008 Handwriting University Annual Conference, Las Vegas, Nevada
    Trainer and Instructor

2009 School of Forensic Document Examination's Live Teleclasses
    Attended a variety of classes taught by Robert Baier, QDE, Police Instructor

2009 Handwriting University Annual Conference, Las Vegas, Nevada
    Critical Incident Stress:  Statement Analysis and Interview v. Interrogation by Faith
    Wood
    Forensic Document Examination Application by Robert Baier, QDE, Police Instructor
    Trainer and Instructor for Introduction to Forensic Document Examination

2010 Handwriting University Annual Conference, Las Vegas, Nevada
    Advanced Statement Analysis by Faith Wood
    Identity Theft and Prevention by Robert Baier, QDE, Police Instructor
    Trainer and Instructor for Introduction to Forensic Document Examination

2010 Instructor, Clear Lake High School
    Introduction to Forensic Document Examination

2011 Lecturer and Instructor, "How to Spot a Forgery", Denver Elections Division,
    Denver, Colorado

**Current Memberships**

    American College of Forensic Examiners International
    Forensic Expert Witness Association
    National Questioned Document Association
    World Federation of Handwriting Experts
    Military Order of World Wars
    Texas Police Association
    Sheriff's Association of Texas
    Center of Forensic Profiling
    IMS Expert Services

**Published Articles and Books**

    Handwriting Certification Course
    Ethics for Experts
    How to Help Attorneys With Your Case
    How to Spot a Forgery

Rev 3/16/12

without obligation the separate property of Borrower's spouse; and (b) waiving any homestead rights to which Borrower's spouse may be entitled under Applicable Law. Notwithstanding the fact that Borrower's spouse did not co-sign the Note, and further notwithstanding the language of Section 13 of this Security Instrument, Borrower's spouse is obligated for payment of the Note and all other sums secured by this Security Instrument to the extent of the spouse's community property interest, and to the extent that the Note is a community obligation.

36. Additional Waivers. Borrower hereby waives production of mortgage, conveyance and other certificates with respect to the Property, and relieves and releases the Notary Public before whom this Security Instrument was passed from all responsibility and liability in connection therewith.

THUS DONE, AND PASSED, on this ___19th___ day of _September 2nd_, in the presence
                                        Day                   Month/Year
of the undersigned Notary Public, and in the presence of the undersigned competent witnesses, who hereunto sign their names, along with Borrower, after being duly sworn and after reading the whole.

WITNESS(ES) (as to all signatures):

_Victoria Fenger_                    _____ (Seal)
Victoria Fenger    JAMIE P LABRANCHE                      Borrower

_Jason Fenger_                       _____ (Seal)
Jason Fenger       Kim Martin LaBranche                   Borrower

                   KIM MARTIN LABRANCHE

                                     _____ (Seal)
                                                             Borrower

                                     _____ (Seal)
                                                             Borrower

                   Notary qualified in   St Charles
                   Parish, Louisiana
                   RICHARD D. WHITNEY, JR

                   Notary Identification Number   #06 2745

                   Commission expires at death

0088684414 - 9811

Page 16 of 15                        09/19/2006 2:09:14 PM

400-15LA (05/2005) Rev.03

I HEREBY CERTIFY THAT THE ABOVE AND
FOREGOING IS A TRUE AND CORRECT
COPY OF THE ORIGINAL ON FILE AND OF
RECORD IN MY OFFICE
_____
DY. CLERK OF COURT
PARISH OF ST. JOHN THE BAPTIST, LA
DATE 3-2-11

17

COURT RECORD
COURT RECORD

19

QDE EXHIBIT
Q1

without obligation the separate property of Borrower's spouse; and (b) waiving any homestead rights to which Borrower's spouse may be entitled under Applicable Law. Notwithstanding the fact that Borrower's spouse did not co-sign the Note, and further notwithstanding the language of Section 13 of this Security Instrument, Borrower's spouse is obligated for payment of the Note and all other sums secured by this Security Instrument to the extent of the spouse's community property interest, and to the extent that the Note is a community obligation.

26. Additional Waivers. Borrower hereby waives production of mortgage, conveyance and other certificates with respect to the Property, and relieves and releases the Notary Public before whom this Security Instrument was passed from all responsibility and liability in connection therewith.

THUS DONE, AND PASSED, on this ___19th___ day of ___September___, in the presence of the undersigned Notary Public, and in the presence of the undersigned competent witnesses, who hereinto sign their names, along with Borrower, after being duly sworn and after reading the whole.

WITNESS(ES) (as to all signatures):

_Victoria Ferjer_

_Jason Ferjer_

_____ (Seal)
JAMIE P LABRANCHE                    Borrower

_____ (Seal)
                                     Borrower
KIM MARTIN LABRANCHE

_____ (Seal)
                                     Borrower

_____ (Seal)
                                     Borrower

Notary qualified in _St Charles_
Parish, Louisiana

RICHARD D. WHITNEY, JR.

Notary Identification Number #06-2945

Commission expires at death

0080064414 - 9011

Page 15 of 15                          09/19/2008 2:09:14 PM

400-16LA (05/2005)Rev.03

NATIONS TITLE

NATIONS TITLE

20

QDE EXHIBIT

K1



English          Customer Service          USPS Mobile

## USPS.COM

Quick Tools                    Ship a Package          Send Mail          Manage Your Mail

# Track & Confirm

GET EMAIL UPDATES     PRINT DETAILS

| YOUR LABEL NUMBER | SERVICE | STATUS OF YOUR ITEM | DATE & TIME |
|---|---|---|---|
| 70101060000068849370 | First-Class Mail® | Delivered | March 22, 2012, 12:57 pm |
| | | Arrival at Unit | March 22, 2012, 7:55 am |
| | | Dispatched to Sort Facility | March 20, 2012, 5:27 pm |
| | | Acceptance | March 20, 2012, 11:49 am |

---

SENDER: COMPLETE THIS SECTION

Complete items 1, 2, and 3. Also complete
item 4 if Restricted Delivery is desired.
Print your name and address on the reverse
so that we can return the card to you.
Attach this card to the back of the mailpiece,
or on the front if space permits.

Article Addressed to:

JOHN MORRIS
1505 NORTH 19th STREET
MONROE, LA. 71201

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X _Day Littleton_          ☐ Agent
                           ☐ Addressee
B. Received by ( Printed Name)      C. Date of Delivery
D.J. Littleton          3-22-12
D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☐ Certified Mail      ☐ Express Mail
   ☐ Registered          ☐ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.
4. Restricted Delivery? (Extra Fee)      ☐ Yes

Article Number
(Transfer from service label)      7010 1060 0000 6884 9370

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

ON ABOUT.USPS.COM

About USPS Home ›
Newsroom ›
Mail Service Updates ›
Forms & Publications ›
Careers ›

21

TrackConfirmAction.action

STATE OF LOUISIANA

PARISH OF ST. CHARLES

## AFFIDAVIT CONFIRMING SIGNATURES

I, Richard D. Whitney, Jr., Notary Public # 062945 and # 082985 for the State of Louisiana, certify that the Mortgage, attached hereto and labeled Exhibit A, pertaining to the property at 2173 Carmel Valley Drive, La Place, Louisiana was signed by Jamie P. Labranche and Kim Martin Labranche in the presence of myself and two witnesses, Jason Fenger and Victoria Fenger on September 19, 2006. The Note, attached hereto and labeled Exhibit B, was executed by Jamie P. Labranche and Kim Martin Labranche in my presence and notarized by me at the same meeting. The witnesses, Jason Fenger and Victoria Fenger are both known to me and did sign the above referenced documents in the same meeting with Jamie P. Labranche and Kim Martin Labranche. Jamie P. Labranche and Kim Martin Labranche appeared before the witnesses and I, produced satisfactory identification, and executed above referenced documents in our presence of their own free will.

Sworn to and subscribed this 10th day of January, 2012

Richard D. Whitney, Jr.
Notary Public #062945 & #082985

RICHARD D. WHITNEY, JR.
NOTARY PUBLIC
Parishes of St. Charles, Jefferson, Orleans,
Plaquemines & St. Bernard
State of Louisiana
Commission Nos. 062945 & 082985
My Commission is issued for Life.

22

## Louisiana Secretary of State
## Selected Notary Detailed Data

**NOTE: FOR INFORMATION REGARDING STATUS OR FOR INSTRUCTIONS TO CHANGE ANY INCORRECT INFORMATION, CLICK HERE.**

RICHARD D. WHITNEY, JR.

14471 RIVER RD.

HAHNVILLE, LA 70057

**Notary ID Number: 82985**

Parish: JEFFERSON

Notary Type: Non-Attorney

**Status: Suspended**

Phone: 504-443-4000 504-430-3600

Commission Date: 03/16/2006

Oath Date: 02/10/2006

Bond Expiration Date: 03/08/2011

**NOTE: FOR INFORMATION REGARDING STATUS OR FOR INSTRUCTIONS TO CHANGE ANY INCORRECT INFORMATION, CLICK HERE.**

New Search

STRIKE

23

HERSCHEL C. ADCOCK JR.
13541 TIGERBEND ROAD
BATON ROUGE LA. 70817

Aug. 3, 2008

Om: JAMIE LABRANCHE
2173 CARMEL VALLEY DR.
LAPLACE, LA. 70068

OFFICIAL FORMAL DEMAND TO RESCIND LOAN # 0086664414
UNDER TRUTH IN LENDING ACT FOR MULTIABLE VIOLATIONS
UNDER ACT

DEAR, MR. HERSCHEL C. ADCOCK JR.

I RECEIVED YOUR VIA-CERTIFIED LETTER DATED JULY 2 2008 STATING YOU HAVE BEEN RETAINED TO REPRESENT THE INTEREST OF CITI RESIDENTIAL LENDING, INC. MY TYPE PAGE EXPLAINS WHERE I STAND, I DON'T HAVE AN ATTORNEY. I DEMAND TO RESCIND LOAN # 0086664414 UNDER MY RIGHTS IN TRUTH IN LENDING ACT, MULTIABLE VIOLATIONS UNDER SAID ACT OCCURED. THIS IS A FORMAL DEMAND TO CITI AND MR. HERSCHEL C. ADCOCK JR., REPRESENTING CITI INTEREST IN THIS MATTER, VIA-CERTIFIED LETTERS TO HERSCHEL ADCOCK JR. AT ABOVE ADDRESS, US MAILED LETTERS TO CITI P.O. BOX 11000, SANTA ANA, CA. 92711-1000, ON 8-4-2008

SUMITTED

(7)

24

COPY C

25

(D)

LAPLACE POST OFFICE
LAPLACE, Louisiana
7005989998
2185890185-0095
(800)275-8777 01:35:43 PM

BATON ROUGE LA 70817
Zone-1 First-Class
Letter
0.53 oz.                                        $0.42
Return Rcpt (Green                              $2.20
Card)
Certified                                       $2.70
Label #:
70041350000233501811

Issue PVI:
42c #10 Elk          1        $0.51            $0.51
Env
Total:                                          $5.83
              ============
Paid by:
Cash                                           $100.00
Change Due:                                    -$94.17

U.S. Postal Service
CERTIFIED MAIL

Postage      $      $0.42
Certified Fee        $2.70                    Postmark
                                                Here
Return Receipt Fee
(Endorsement Required)  $2.20
Restricted Delivery Fee
(Endorsement Required)

Total Postage & Fees  $   $5.32    09/04/2008

Sent To  Rischel Caddock Jr
Street, Apt. No.;  13541 Tiberend Road
or PO Box No.
City, State, ZIP+4  Baton Rouge LA 70817

7004 1350 0000 3350 1811

SENDER: COMPLETE THIS SECTION
■ Complete items 1, 2, and 3. Also complete
  item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:

Rischel Caddock Jr.
13541 Tiberend Road
Baton Rouge LA 70817

COMPLETE THIS SECTION ON DELIVERY
X _____  □ Agent
                        □ Addressee
B. Received by (Printed Name)   C. Date of Delivery
   Williams R-STR
D. Is delivery address different from item 1?  □ Yes
   If YES, enter delivery address below:        □ No

3. Service Type
   □ Certified Mail    □ Express Mail
   □ Registered        □ Return Receipt for Merchandise
   □ Insured Mail      □ C.O.D.
4. Restricted Delivery? (Extra Fee)    □ Yes

102595-02-M-1540

Electronic Code of Federal Regulations

e-CFR ™

e-CFR Data is current as of February 26, 2010

**Title 12: Banks and Banking**
PART 226—TRUTH IN LENDING (REGULATION Z)
Subpart C—Closed-End Credit

Browse Previous | Browse Next

**§ 226.23  Right of rescission.**

(a) *Consumer's right to rescind.* (1) In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.[47]

[47] For purposes of this section, the addition to an existing obligation of a security interest in a consumer's principal dwelling is a transaction. The right of rescission applies only to the addition of the security interest and not the existing obligation. The creditor shall deliver the notice required by paragraph (b) of this section but need not deliver new material disclosures. Delivery of the required notice shall begin the rescission period.

(2) To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business. *[handwritten: CERTIFIED RETURN RECEIPT]*

(3) The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures,[48] whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. *[handwritten: I NEVER RECEIVED CLOSING PAPERS YET COMPANY IS CLOSED OUT OF BUSINESS]*

[48] The term 'material disclosures' means the required disclosures of the annual percentage rate, the finance charge, the amount financed, the total of payments, the payment schedule, and the disclosures and limitations referred to in §§226.32(c) and (d) and 226.35(b)(2).

(4) When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.

(b)(1) *Notice of right to rescind.* In a transaction subject to rescission, a creditor shall deliver two copies of the notice of the right to rescind to each consumer entitled to rescind (one copy to each if the notice is delivered in electronic form in accordance with the consumer consent and other applicable provisions of the E-Sign Act). The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:

(i) The retention or acquisition of a security interest in the consumer's principal dwelling.

(ii) The consumer's right to rescind the transaction.

*[handwritten: circled 4]*

(iii) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.

(iv) The effects of rescission, as described in paragraph (d) of this section.

(v) The date the rescission period expires.

(2) *Proper form of notice.* To satisfy the disclosure requirements of paragraph (b)(1) of this section, the creditor shall provide the appropriate model form in Appendix H of this part or a substantially similar notice.

(c) *Delay of creditor's performance.* Unless a consumer waives the right of rescission under paragraph (e) of this section, no money shall be disbursed other than in escrow, no services shall be performed and no materials delivered until the rescission period has expired and the creditor is reasonably satisfied that the consumer has not rescinded.

(d) *Effects of rescission.* (1) When a consumer rescinds a transaction, the security interest giving rise to the right of rescission becomes void and the consumer shall not be liable for any amount, including any finance charge.

*SECURITY INTEREST DOESN'T EXIST SN HAS NO CLAIM*

(2) Within 20 calendar days after receipt of a notice of rescission, the creditor shall return any money or property that has been given to anyone in connection with the transaction and shall take any action necessary to reflect the termination of the security interest.

(3) If the creditor has delivered any money or property, the consumer may retain possession until the creditor has met its obligation under paragraph (d)(2) of this section. When the creditor has complied with that paragraph, the consumer shall tender the money or property to the creditor or, where the latter would be impracticable or inequitable, tender its reasonable value. At the consumer's option, tender of property may be made at the location of the property or at the consumer's residence. Tender of money must be made at the creditor's designated place of business. If the creditor does not take possession of the money or property within 20 calendar days after the consumer's tender, the consumer may keep it without further obligation.

*NO ACTION TAKEN BY CREDITOR CONSUMER SHOULD BE ALLOWED TO KEEP PROPERTY WITHOUT FURTHER OBLIGATION*

(4) The procedures outlined in paragraphs (d) (2) and (3) of this section may be modified by court order.

(e) *Consumer's waiver of right to rescind.* (1) The consumer may modify or waive the right to rescind if the consumer determines that the extension of credit is needed to meet a bona fide personal financial emergency. To modify or waive the right, the consumer shall give the creditor a dated written statement that describes the emergency, specifically modifies or waives the right to rescind, and bears the signature of all the consumers entitled to rescind. Printed forms for this purpose are prohibited, except as provided in paragraph (e)(2) of this section.

(2) The need of the consumer to obtain funds immediately shall be regarded as a bona fide personal financial emergency provided that the dwelling securing the extension of credit is located in an area declared during June through September 1993, pursuant to 42 U.S.C. 5170, to be a major disaster area because of severe storms and flooding in the Midwest.[48a] In this instance, creditors may use printed forms for the consumer to waive the right to rescind. This exemption to paragraph (e)(1) of this section shall expire one year from the date an area was declared a major disaster.

[48a] A list of the affected areas will be maintained by the Board.

(3) The consumer's need to obtain funds immediately shall be regarded as a bona fide personal financial emergency provided that the dwelling securing the extension of credit is located in an area declared during June through September 1994 to be a major disaster area, pursuant to 42 U.S.C. 5170.[48b] In this instance, creditors may use printed forms for the consumer to waive the right to rescind. This exemption to paragraph (e)(1) of this section shall expire one year from the date an area was declared a major disaster.

[48b] A list of the affected areas will be maintained and published by the Board. Such areas now include parts of Alabama, Florida, and Georgia.

(4) The consumer's need to obtain funds immediately shall be regarded as a bona fide personal financial emergency provided that the dwelling securing the extension of credit is located in an area declared

⑤

27

40TH JUDICIAL DISTRICT COURT
PARISH OF ST. JOHN THE BAPTIST
STATE OF LOUISIANA

FILED FOR RECORD

13 JUN -5 PM 3: 12

CLERK OF COURT
PARISH OF ST. JOHN
THE BAPTIST, LA.

CITI

VS.                           NO.#C-54549 DIV ( B )

JAMIE LABRANCHE

_____

MOTION TO COMPEL PLAINTIFF TO PRODUCE REQUEST FOR
PRODUCTION ITEMS LISTED IN ATTACHED PLEADING

NOW INTO COURT, JAMIE LABRANCHE REQUESTING COURT
TO COMPEL PLAINTIFF TO PRODUCE ITEMS LISTED ON
ATTACHED PLEADING. DEFENDANT REQUESTED ITEMS BACK 12-
4-2012 UNDER FEDERAL LAW 12 U.S.C. 2605 (E) AND 15 U.S.C. 1641
(F) (2).

WE PRAY COURT GRANTS REQUEST.

JAMIE LABRANCHE
2173 CARMEL VALLEY
LAPLACE, LA. 70068
504-559-9586

ORDER

IT IS ORDERED THAT DEFENDANT JAMIE LABRANCHE
MOTION TO COMPEL PLAINTIFF TO PRODUCE REQUESTED
RECORDS GRANTED.

EDGARD, LOUISIANA THIS_____ OF _____, 2013.

_____
JUDGE 40TH JD

28
COPY

40TH JUDICIAL DISTRICT COURT
PARISH OF ST. JOHN THE BAPTIST
STATE OF LOUISIANA

CITI

VS.                                        NO. # 54549 DIV. ( B )

JAMIE LABRANCHE

FILED FOR RECORD

13 JUN 13  PM 2: 03

CLERK OF COURT
PARISH OF ST. JOHN
THE BAPT ST. LA.

_____

### NOTE OF EVIDENCE

NOW INTO COURT DEFENDANT JAMIE LABRANCHE WHO
SUBMITS THIS NOTE OF EVIDENCE SUPPLED BY MR. CURT
BAGGETT FORENSIC DOCUMENT EXAMINER COURT CASE LIST.

ON MARCH 23, 2013 19TH JUDICIAL DISTRICT COURT PARISH OF
EAST BATON ROUGE NO. 08-08-0005 JUDGE ANTHONY J.
MARABELLA PRESIDING MR. CURT BAGGETT WAS ALLOWED TO
DELIVER EXPERT OPINION. SEE LIST ATTACHED TO PLEADING;

RESPECTFULLY SUBMITTED

JAMIE LABRANCHE

2173 CARMEL VALLEY
LAPLACE, LA. 70068
JAMIELABRANCHE@ME.COM
504-559-9586

CERTIFICATE OF SERVICE

I CERTIFY THAT A COPY OF THE ATTACHED NOTE OF EVIDENCE
HAS BEEN SERVED UPON PARTIES OF RECORD US CERTIFIED
RETURN RECEIPT ON 6-11-2013.

JAMIE LABRANCHE

40TH JUDICIAL DISTRICT COURT
PARISH OF ST. JOHN THE BAPTIST
STATE OF LOUISIANA

FILED FOR RECORD

13 JUN 14  PM 3: 20

CLERK OF COURT
PARISH OF ST. JOHN
THE BAPTIST, LA.

CITI

VS.                                    NO. # 54549 DIV. ( B )

JAMIE LABRANCHE

_____

NOTICE OF DEPOSITIONS


        NOW INTO COURT DEFENDANT JAMIE LABRANCHE WHO
SUBMITS THIS NOTICE OF DEPOSITIONS FOR THE RECORD.
ATTACHED TO PLEADING.



RESPECTFULLY SUBMITTED

JAMIE LABRANCHE

2173 CARMEL VALLEY
LAPLACE, LA. 70068
JAMIELABRANCHE@ME.COM
504-559-9586

CERTIFICATE OF SERVICE

I CERTIFY THAT A COPY OF THE ATTACHED NOTICE OF
DEPOSITIONS HAS BEEN SERVED UPON PARTIES OF RECORD US
CERTIFIED RETURN RECEIPT ON 6-11-2013.

JAMIE LABRANCHE

30

Case 09-11391    Doc 30-2    Filed 11/25/09   Entered 11/25/09 10:51:10    Exhibit
Page 7 of 8

## ASSIGNMENT OF NOTE AND MORTGAGE

For value received, LIQUIDATION PROPERTIES, INC. as Attorney in Fact, hereby

sells, assigns, and transfers, without recourse, to:

### CITIGROUP GLOBAL MARKETS REALTY CORP

its successors and assigns, all its right, title and interest in and to a certain Adjustable Rate

Note executed by JAMIE P. LABRANCHE and Mortgage to secure debt executed by

JAMIE P. LABRANCHE and KIM MARTIN LABRANCHE to ARGENT MORTGAGE

COMPANY, LLC, and bearing the date of the September 19, 2006 and recorded in the

office of the Clerk of Court of St. John the Baptist Parish Parish, State of Louisiana as

Acct: #269126 on October 4, 2006. the note was subsequently endorsed to LIQUIDATION

PROPERTIES, INC

Signed this ___ day of _____, 2008

LIQUIDATION PROPERTIES, INC.

by Citi Residential Lending, Inc. Attorney in

Fact

BY: _____
        TAMARA PRICE, VICE PRESIDENT

        ROBO - SIGNER

STATE OF _____

COUNTY OF _____ 31

_____
_____, **Notary Public**
Notary #: _____
Commission Expires: _____

LN#XXXXX

32

nation content from : NPR

# The Nation: Letting The Banks Make The Rules

by KAI WRIGHT



iStockphoto.com
Few homeowners are losing their homes, despite a 10-day halt on foreclosures by Bank of America and other large banks.

*October 22, 2010*          text size A A A

*Kai Wright, the Alfred Knobler Journalism Fellow at The Nation Institute, is the editorial director of ColorLines.*

A year and a half ago, I sat in the office of Jim Kowalski, a prosecutor turned defense attorney in Jacksonville, Florida, listening to him describe a crime that was, by then, known to anyone who'd dealt with the foreclosure process. Kowalski worked with a small cadre of local attorneys trying to slow the area's onslaught of foreclosures. In the aggregate, they were monstrously outmatched by banks with subcontractors of subcontractors dedicated to removing families from homes quickly. But on a case-by-case basis, they stole the advantage because they knew the mortgage industry's secret: it had buckled under the weight of its own corruption. All you had to do was force the banks' empty hand, and you could keep a client in her home.

The biggest tell came over list-serves that connected legal aid outfits and small private practices overwhelmed by the sudden demand for foreclosure defenses. As lawyers like Kowalski compared notes on the three big banks whose servicing arms controlled nearly half the mortgage market, they noticed case after case of irregularities. Once they forced the servicers into court, the pattern became clear: everybody involved in the securities process had cut so many corners in pursuit of record profits, had operated with such disregard for the many steps that ensure a safe and sound mortgage market, that they couldn't even show who owned the debt.

In April 2008 Kowalski deposed a Citibank residential lending employee, Tamara Price, whose name had recurred on foreclosures. Price described a system for creating bogus mortgage assignments that was baldly deceptive, all the way down to the fake "vice president" title with which Price signed her name. The case was exceptional only in that Price was on record. Already, scattered judges had reached their wits' end with the legal corner-cutting and were throwing out foreclosures. Lawyers in the trenches clung hopefully to the trend; most national advocates quietly said it would never prompt the sort of federal leadership that the foreclosure crisis demands. More than two years and millions of foreclosures later, a deposition similar to Price's — from a GMAC employee who admits to "robo-signing" 10,000 sworn documents a month — has revealed the fraud to the whole country.

33    EXHIBIT C

Paying Agent – Rust Consulting, Inc.
P.O. Box 8060
Faribault, MN 55021-9460

**IMPORTANT PAYMENT AGREEMENT INFORMATION ENCLOSED**



c    * 1 2 0 2 7 5 7 7 3 0 – 2 0 2 8 8 7 3 *

JAMIE LABRANCHE
2173 CARMEL VALLEY DR
LA PLACE, LA 70068-1813



# Independent Foreclosure Review

April 12, 2013

**Your payment is enclosed.**

Reference Number: 1202757730
Property Address:
2173 CARMEL VALLEY DRIVE
LA PLACE LA 70068

*Si usted habla español tenemos representantes que
pueden asistirle en su idioma.*



Dear Jamie Labranche,

You were recently sent a notice that you are eligible to receive a payment as a result of an agreement between federal
banking regulators and Citibank in connection with an enforcement action related to deficient mortgage servicing and
foreclosure processes.

**This letter includes your check.** It also explains the amount of the payment, why you are receiving a payment, how to
cash the check, and other important information and disclosures.

## Your payment is: $600.00.

### Why you are receiving a payment

Earlier this year, Citibank entered into an agreement with federal banking regulators—the Office of Comptroller of the
Currency and the Board of Governors of the Federal Reserve System. This agreement resolved the Independent
Foreclosure Review required by the regulators. Additional information about this agreement can be found at www.occ.gov
and www.federalreserve.gov.

Regulators determined your payment amount based on the stage of your foreclosure process and other considerations
related to your foreclosure.

34