UNITED STATES  DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JAMIE LaBRANCHE                           CIVIL ACTION

VERSUS                                    NUMBER: 13-5158

MARY HOTARD BECNEL,                       SECTION: "I"(5)
INDIVIDUALLY AND IN
HER CAPACITY AS LOUISIANA
40TH JUDICIAL DISTRICT JUDGE
OF ST. JOHN THE BAPTIST PARISH

**REPORT AND RECOMMENDATION**

The above-captioned matter previously came before the Court

pursuant to Local Rule 72.1(B)(1) for a determination of pauper

status under 28 U.S.C. §1915.  (Rec. docs. 2, 3.)  That statute

provides, in pertinent part, as follows:

> (2)  Notwithstanding any filing fee, or any portion
> thereof, that may have been paid, the court
> shall dismiss the case at any time if the
> court determines that - -
>
> * * * * * * * * * * *
>
> (B)  the action or appeal - -
>       (i) is frivolous or malicious;
>
>       (ii)     fails to state a claim on which relief
>                can be granted; ...
>
> 28 U.S.C. §1915(e)(2).

The plain language of §1915(e)(2) thus mandates a court to

dismiss a complaint brought in forma pauperis if it is determined, at any time, that the action is frivolous or malicious, or fails to state a claim upon which relief can be granted.

The above-captioned matter is but the latest chapter stemming from a foreclosure proceeding that was initiated in state court involving property owned by the plaintiff.[1]  In this, his latest tack, plaintiff has chosen to sue the state court judge who presided over the aforementioned foreclosure proceeding, complaining of various acts or omissions that occurred in the context of that proceeding, including the alleged granting of conflicting motions for summary judgment.  Plaintiff seeks injunctive relief directing Judge Becnel to vacate the conflicting grants of summary judgment until a higher court can hear his case and declaratory and other relief as the Court deems appropriate. (Rec. doc. 1).

The matters of which plaintiff complains herein all occurred within the context of a legal proceeding that was properly pending before the named defendant judicial officer.  Such conduct is clearly judicial in nature, triggering the application of absolute judicial immunity for any §1983 claim brought against the Judge in

---

[1] Plaintiff previously removed the foreclosure action to this court but it was ultimately remanded to state court.  See Citi Property Holdings, Inc. v. Jamie P. LaBranche, et al., No. 11-CV-0617"R"(1), rec. doc. 23.

2

her individual capacity. <u>Jones v. Judge of the 129th, Harris County District Court</u>, 113 Fed.Appx. 603, 604 (5th Cir. 2004)(citing <u>Boyd v. Biggers</u>, 31 F.3d 279, 285 (5th Cir. 1994)).   That immunity applies even if the Judge's acts are perceived by plaintiff to have been done erroneously, maliciously, or in excess of her authority. <u>Stump v. Sparkman</u>, 435 U.S. 349, 356, 98 S.Ct. 1099, 1104-05 (1978); <u>Pierson v. Ray</u>, 386 U.S. 547, 553-54, 87 S.Ct. 1213, 1217-18 (1967); <u>Mays v. Sudderth</u>, 97 F.3d 107, 110-11 (5th Cir. 1996); <u>Graves v. Hampton</u>, 1 F.3d 315, 317 (5th Cir. 1993); <u>Lyons v. Sheetz</u>, 834 F.2d 493, 495 (5th Cir. 1987).   Judicial immunity is lost only if the judge's act was not a judicial act or was performed in the clear absence of all jurisdiction. <u>Mays</u>, 97 F.3d at 111-12.   Based upon the set of facts alleged by plaintiff, such is not the case here.

Further, any §1983 claim brought against Judge Becnel in her official capacity fails for two reasons.   First, the Judge is a state official and state officials acting in that capacity are not considered to be "persons" within the meaning of §1983. <u>Washington v. Louisiana</u>, No. 09-CV-3186, 2009 WL 2015556 at *5 (E.D. La. June 30, 2009).   Second, because an official-capacity claim against the Judge is, in reality, a claim against the state itself, any such claim is barred by the Eleventh Amendment. <u>Id</u>.(citing <u>Voisin's Oyster House, Inc. v. Guidry</u>, 799 F.2d 183, 188 (5th Cir. 1986) and

<u>Doris v. Van Davis</u>, No. 08-CV-4138, 2009 WL 382653 at \*2 (E.D. La. Feb. 12, 2009).

As for the two species of relief sought by the plaintiff, §1983 now provides that injunctive relief is unavailable against a state court judge unless declaratory relief is also unavailable. <u>Doris</u>, 2009 WL 382653 at \*3. As there is no showing that an adequate remedy at law is unavailable in the form of state appellate review of the civil proceeding to which plaintiff is a party, declaratory relief does not lie here. <u>Bolin v. Story</u>, 225 F.3d 1234, 1242-43 (11th Cir. 2000)(citing <u>Newman v. Alabama</u>, 683 F.2d 1312 (11th Cir. 1982)). Finally, to the extent that plaintiff is dissatisfied with rulings issued by Judge Becnel, his recourse is to bring such complaints to the attention of the state appellate court and, thereafter, to the Louisiana Supreme Court; federal courts, as courts of original jurisdiction, do not sit as appellate courts to review, modify, nullify, or enforce the orders of the state courts. <u>Liedtke v. State Bar of Texas</u>, 18 F.3d 315, 317 (5th Cir.), <u>cert</u>. <u>denied</u>, 513 U.S. 906, 115 S.Ct. 271 (1994); <u>Hale v. Harney</u>, 786 F.2d 688, 690-91 (5th Cir. 1986); <u>Hagerty v. Succession of Clement</u>, 749 F.2d 217, 220 (5th Cir. 1984), <u>cert</u>. <u>denied</u>, 474 U.S. 968, 106 S.Ct. 333 (1985). Federal courts possess no general powers to direct state courts and their judicial officers in the performance of their duties. <u>Santee v. Quinlan</u>, 115 F.3d 355, 357

(5th Cir. 1997).

**RECOMMENDATION**

For the foregoing reasons, it is recommended that plaintiff's suit be dismissed under 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this  29th  day of       July        , 2013.

ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE